FILED
SUPERIOR COURT
OF GUAM

2021 APR 14 PM 3:04

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>D.J.,<br>DOB: 10/03/2003,<br><br>　　　　　　　　Defendant. | Criminal Case No.: CF0293-20<br><br>**COURT'S *SUA SPONTE* DECISION AND ORDER TRANSFERRING MATTER TO FAMILY COURT** |

### Introduction

This matter is presided over by the Honorable Maria T. Cenzon. Defendant D.J. (DOB: 10/03/2003)("DJ" or the "Minor") is represented by Attorney John Terlaje. The People of Guam are represented by Assistant Attorney General Christine Tenorio. On February 21, 2021, during a Further Proceedings hearing, the Court *sua sponte* raised the issue of a remanding this case to the Family Court pursuant to 19 G.C.A. § 5105(d) for the minor D.J. after considering the following factors: D.J.'s age at the time of the alleged offense (16 years old); his lack of prior any criminal or juvenile history; a possible substance use history and services available to DJ through the Family Court, including educational services, and his willingness to participate meaningfully in such services and be successfully rehabilitated before the expiration of the Family Court's jurisdiction over him.

On March 31, 2021, Assistant Attorney General Christine Tenorio filed the People's Non-Opposition to Defendant's Motion For Transfer to Family Court. In the Non-Opposition, the People agree, following a review of the case history, "that Defendant Jona should be transferred to the supervision of family court." *Non-Opposition* at p. 2.

The Court having provided the parties with an opportunity to file written responses to the Court's *sua sponte* invocation of the provisions of 19 GCA § 5106, and having considered such responses and any objections thereto, now issues the following Decision and Order transferring this matter to the Family Court.

## Background

The People filed an Indictment on November 3, 2020, charging Defendant as an adult with three (3) counts of Burglary (As a 2nd Degree Felony) and one count of Arson (as a 3rd Degree Felony). His adult co-defendants were each charged with three (3) counts of Burglary (as a 2nd Degree Felony).[1] The charges of Burglary allege that D.J. committed these offenses "by complicity." The Declaration accompanying the Magistrate's Complaint alleges as follows:

> On or about April 1, 2020, at approximately 11:41 p.m., GPD responded to a structure fire at GWHS. Two classrooms were noted to be engulfed in flames. The estimated cost of damages was approximately $5,000." The Declaration also indicates that D.J. was not specifically identified to have committed the Arson: "When questioned about the fire that had to be put out on April 1, 2020, Palik became emotional and would not say more other than that another one of the minors had caused the fire by using a lighter to burn papers within one of the classrooms.

*Decl. of Richelle Y. Canto* at p. 2. In addition to "Palik," other minors identified in the Declaration included D.J. (a minor other than Defendant D.J) and A.J. In all, four (4) minors, including D.J., are alleged to have committed the burglaries and the arson, together with the

---

[1] Other alleged co-actors in this case were charged as minors and their matters are being adjudicated in the Family Court.

adult co-defendants in this case. The other minor co-actors' charges are being adjudicated in the Family Court.

D.J. had been held at the Department of Youth Affairs ("DYA") facility for 286 days until his release on March 10, 2021. D.J. has no prior juvenile matters. He received no infractions or write-ups while in the custody of DYA and has earned credits toward his education while at Liheng Famagu'on Program School (Liheng) at DYA and is currently a junior in high school. *DYA Informational Report* (Feb. 26, 2021). He will be a senior next school year and would need to earn 6.5 credits to graduate. *Id.* DYA provided him work while in the continued custody of DYA to satisfy his required service learning for graduation next school year. *Min. Ex Parte Hrg. Mot. Release on Personal Recognizance* (Feb. 26, 2021). D.J. initiated a request for drug and alcohol treatment on his own volition and is currently receiving Level 2 treatment (Intensive Outpatient Program) services from New Beginnings, Guam Behavioral Health and Wellness Center (GBHWC). He is also receiving services from Linking Individual in Nurturing Communities (LINC) Program at GBHWC, which is a program designed for youth with co-occurring disorders and homelessness.

During the last hearing on March 10, 2021, it was reported that the minor will be accepted at George Washington High School (GWHS) for both remote and in-person classes and his mother indicated that she already has received a laptop from GDOE in order to facilitate remote learning. Additionally, DYA reported that DJ will be receiving educational services through the community educational resource center while he is released in this case. Since D.J. was released on house arrest in this case on March 10, 2021, no violations have been filed against him and D.J. appears fully compliant with the conditions of his release.

## Discussion

19 GCA Section 5106 addresses the certification of minors charged with certain criminal offenses to be automatically tried as adults. In 2015, the Thirty-third Guam Legislature amended this law to allow for a minor who has been charged in the first instance as an adult to be remanded to the Family Court for disposition. 19 GCA § 5106(d). Public Law 33-33 (June 12, 2015)(known as the "Juvenile Justice Reform Act of 2015") codified the legislative intent of the amendment, expressed as follows:

> **Section 2.** Legislative Findings and Intent. *I Liheslaturan Guåhan* finds that current Guam law provides that any child of the age of sixteen (16) years or older, who is charged with a second or first degree felony is automatically certified as an adult. Although many times appropriate, there are instances where the Office of the Attorney General has seen that the charged minor would *greatly benefit* from being charged with the respective second or first degree felony, *but have their criminal proceedings be adjudicated in Family Court.* Unfortunately, no mechanism currently exists in Guam law to provide Family Court jurisdiction for minors aged sixteen (16) or older who are charged with second or first degree felonies.
>
> Therefore, it is the intent of *I Liheslaturan Guåhan* to ensure discretion as to Family Court jurisdiction of children aged sixteen (16) years or older who are charged with second or first degree felonies by adding a new § 5106(d) of Chapter 5, Title 19, Guam Code Annotated.

P.L. 33-33:2 (June 1, 2015).

A child who is sixteen (16) years of age or older at the time he has committed the offense which would constitute a felony of the first or second degree is automatically charged as an adult. 19 GCA § 5106(a). However, under certain circumstances, the adjudication of this matter may be remanded to the jurisdiction of the Family Court under certain narrow circumstances. 19 G.C.A. § 5106(d). Such a transfer shall be made upon "a finding on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." *Id.* The Court is instructed by this statue to consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;
(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;
(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;
(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;
(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and
(8) the adequacy of the punishment or services.

*Id.* Guam law also emphasizes that "the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed..." *Id.*

Considering these factors, the Court has the authority to transfer this matter to the Family Court. Although the Court is mandated to consider the seriousness of the offenses charged and the Minor's prior record of delinquency (which the Minor has none), the Court may also consider whether justice will be served under the circumstances by the Minor entering adulthood as a "convicted felon." Entering adulthood with such a conviction will undoubtedly limit his opportunities for a good career, employment and other advancements through his adult life.

An analysis of the factors described in 19 G.C.A. § 5106(d) is discussed below.

### 1. Age of Defendant

Defendant was sixteen (16) years old at the time he is alleged to have committed the crime charged and is thus eligible under 19 G.C.A. § 5106 to have his case considered for transfer to the Family Court.

### 2. History of Defendant

Defendant has no prior juvenile cases and no history of delinquency. Defendant does not have any history of previous abuse or neglect or any mental health, physical, or educational issues. Defendant's mother has been actively engaged with Defendant while he was at DYA and has been present at every hearing concerning the Defendant. She is also actively engaged in communications with George Washington High School and Liheng School regarding the Minor's education and services. At the hearing on March 10, 2021, D.J.'s mother was present and had already secured a laptop for the minor to continue online education and was engaged in additional services through DYA and LINC.

### 3. Circumstances of the offense

The incident alleged involves the charges of burglary and arson at GWHS, with the burglary allegedly committed "by complicity" with two adults and at least three other minors. The Criminal Code defines "guilt by complicity" as follows:

> 9 GCA § 4.60. Guilt Established by Complicity. A person is guilty of an offense if, with the intention of promoting or assisting in the commission of the offense, he induces or aids another person to commit the offense. If the definition of the offense includes lesser offenses, the offense of which each person shall be guilty shall be determined according to his own culpable mental state and to those aggravating or mitigating factors which apply to him.

Although it is alleged that property damage was sustained by GWHS due to a fire, no persons were injured in the incident. Defendant was not in possession of a deadly weapon during the alleged incident in this matter. The adult co-defendants both have an extensive criminal and

juvenile history which the Court finds lends itself to improper influence over a 16-year old minor such as D.J. The Court finds that GWHS has permitted the Minor to return to its premises and, according to DYA social worker Soli Onedera, the administration "is excited" to have D.J. starting in person classes on Friday, March 12, 2021. The Court finds that, should the Minor admit to this charge in the Family Court, restitution would be appropriate under the circumstances.

4. Advantages of treatment within the juvenile system

The Family Court has the ability to provide the supervision and treatment available under the juvenile system as well as adequate resources to both punish and service Defendant. Defendant would be able to continue his high school education with the assistance of community resource centers, including services through DYA and LINC as well as other services through GBHWC, and participate in meaningful services through the Family Court.

5. Security of the public

Although the Court does not discount the seriousness of the charges against the Minor, the Court notes that the Minor has *no prior history* of criminal or juvenile offenses. The Defendant is also the youngest among the co-defendants in this felony case. At the time of the alleged offenses, Defendant was 16 years old. Co-defendant Robert Simion was approximately 19 years old and co-defendant Betwin Simion was 17 years old. Both Robert and Betwin have extensive criminal and juvenile histories.

6. Minor's history of services

Defendant is currently receiving services through telemedicine from New Beginnings at Guam Behavioral Health and Wellness Center for Drug and Alcohol counseling. According to Ms. Soli Onedera at DYA, he took affirmative action to request such services.

**7. Minor's rehabilitation before expiration of juvenile court's jurisdiction**

19 G.C.A. § 5105 allows continuing jurisdiction of the Family Court until the age of eighteen (18) or twenty-one (21), depending on the circumstances. If so, the Family Court could potentially have jurisdiction of Defendant until October 3, 2024.

The Court believes that, given Defendant's lack of previous criminal history, his self-motivated request for drug and alcohol services and his successes at Liheng School as well as his significant progress toward graduating on time next year, with only 6.5 more credit hours to complete, is evidence of a successful habilitation in the Family Court. *See DYA Informational Report*. The Court finds that the Minor can be rehabilitated before the expiration of the Family Court's jurisdiction, and continue to pursue his goals in life without the taint of being a convicted felon at the age of 16.

**8. Adequacy of punishment or services**

The most serious offenses charged in this case are three (3) counts of Burglary as Second Degree felonies. He is also being charged with Arson as a 3rd Degree Felony. If convicted, Defendant could be sentenced pursuant to 9 G.C.A. § 80.30 and could be sentenced to three (3) to eight (8) years of imprisonment for each count of second degree felony. Additionally, he could be sentenced to a term of three (3) years for arson. Because he has no prior convictions, he would be sentenced as a first offender under 8 GCA § 80.31. He has been detained in this case pending resolution of this matter or trial since May 25, 2020, or nearly 300 days as of the issuance of this Decision and Order.[2]

---

[2] No Motion or other request for his pre-trial release had been filed by defense counsel as of February 18, 2021 and the Court *sua sponte* raised the issue of his release only after all services were in place and ready for his transition back home after his release from DYA. On March 10, 2021, the Court released D.J., without objection from the People, given that he appears to have a good family support system, he has not had any restrictions imposed on him or any reported violations while at DYA, he is charged with non-violent offenses, and his co-actor has recently been released following an error by Department of Corrections in releasing him. D.J. has been held longer than his co-defendants in this case.

In its Non-Opposition to the transfer of this matter to the Family Court for disposition, the People affirmed its belief that "this minor in particular will benefit from the treatment wihin the juvenile justice system. The People also note that [D.J.] has family support necessary for his rehabilitation." *Non-opposition* at 2.

Based on a consideration of the factors above, the Court finds that disposition of this matter in the Family Court is in the best interest of the minor and also satisfies the ends of justice. As directed by the statute, the Court gives greater weight to the seriousness of the offense and Defendant's prior record of delinquency. Although the Court recognizes the seriousness of the offenses charged, Defendant has no prior record of delinquency or criminality. A felony conviction for offenses allegedly committed while in the company of two older co-defendants, one of whom is an adult and the other who has a prior criminal record, will undoubtedly negatively impact his future employment opportunities. This, in light of his self-motivated request for treatment and the lack of any delinquency supports a transfer of this matter to the Family Court.

[THIS SECTION INTENTIONALLY LEFT BLANK.
DECISION CONTINUES ON FOLLOWING PAGE].

## Conclusion

Having considered the transfer of this case to the Family Court *sua sponte* and the People agreeing that such transfer is consistent with the ends of justice in this case, the Court finds clear and convincing evidence that it is in Defendant's best interest that this case be transferred to Family Court. The People are ORDERED to dismiss this criminal case, and file a juvenile delinquency case within thirty (30) days of the issuance of this Order unless this date is otherwise extended by this Court or by intervening Administrative Order of the Courts.

**SO ORDERED** this 14[the] day of April, 2021.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

Service Upon:
Office of the Attorney General (Asst. Atty. General Christine Tenorio)
Atty. John Terlaje
Department of Youth Affairs (Soledad Onedera)
Guam Behavioral Health and Wellness Center (Project LINC)